Robert J. Menna (RM 6046)
**GREENBERG LAW, P.C.**
370 Lexington Avenue, Ste. 1100
New York, New York 10017
Tel: (212) 972-5656
Fax: (212) 697-3551
Email: rob@greenberglawpc.com

*Attorneys for Plaintiff*
*C.F. an Infant, by Her Mother and Natural Guardian,*
*LAINIE FORAN, and LAINIE FORAN Individually*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

C.F. an Infant, by Her Mother and Natural
Guardian, LAINIE FORAN, and LAINIE FORAN
Individually,

**Case No.: 7:21-cv-10451**

**Complaint**

Plaintiffs,

**Jury Trial Demanded**

-against-

SALT POINT ENTERPRISES, INC., MICHAEL
MCCAFFERY, and HITS-ON-THE-HUDSON,

Defendants.
-----------------------------------------------------------------x

  Plaintiffs, complaining of the defendants, by their attorneys, Greenberg Law

P.C., hereby respectfully alleges upon information and belief as follows:

### Jurisdiction and Venue

  1.  This Court has jurisdiction of this action pursuant to 28 U.S.C.

§1332(a)(2) as the matter in controversy exceeds $75,000.00 exclusive of interest

and costs and is between citizens of different states.

2.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) because defendant MICHAEL MCCAFFERY resides and is domiciled in this district.

## Jury Demand

3.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## Parties

4.      Plaintiffs are citizens of the State of Connecticut and are natural persons domiciled in the Town of Fairfield, County of Fairfield, State of Connecticut.

5.      That at all times hereinafter mentioned, Defendant SALT POINT ENTERPRISES, INC. is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

6.      That at all times hereinafter mentioned, Defendant SALT POINT ENTERPRISES, INC. transacted business sin the State of New York.

7.      That at all times hereinafter mentioned, Defendant MICHAEL MCCAFFERY is a citizen of the State of New York and is a natural person domiciled in the Hamlet of Salt Point, County of Dutchess, State of New York.

8.      That at all times hereinafter mentioned, Defendant MICHAEL MCCAFFERY is a natural person whose state citizenship is diverse from Plaintiffs.

9.      Defendant HITS-ON-THE-HUDSON is and at all relevant times has been registered in the State of New York as a foreign business corporation.

10.     Defendant HITS-ON-THE-HUDSON, is and at all relevant times has been transacting business within the jurisdiction of the U.S. District Court for the Southern District of New York to residents, all for profit.

11.     At all times hereinafter mentioned, Defendant HITS-ON-THE-HUDSON, should have reasonably expected its actions to have consequences in the U.S. District Court for the Southern District of New York.

12.     At all times hereinafter mentioned, Defendant HITS-ON-THE-HUDSON, committed a tortious act within the State of New York, causing injury to Plaintiff.

13.     At all times hereinafter mentioned, Defendant HITS-ON-THE-HUDSON, is and has been transacting business within the jurisdiction of the U.S. District Court for the Southern District of New York and should have reasonably expected its actions to have consequences in the U.S. District Court for the Southern District of New York.

## Background Facts

14.     That at all times hereinafter mentioned, Defendant HITS-ON-THE-HUDSON was the owner of the premises located at 454 Washington Ave Ext, Town of Saugerties, County of Ulster, and State of New York, (hereinafter referred to as "the Subject Premises").

15.     That at all times hereinafter mentioned, Defendant HITS-ON-THE-HUDSON was the lessee of the Subject Premises.

16.     That at all times hereinafter mentioned, Defendant HITS-ON-THE-HUDSON operated an equestrian/horse show and series open to the general public at the Subject premises.

17.     That at all times hereinafter mentioned, Defendant HITS-ON-THE-HUDSON managed the Subject Premises.

18.     That at all times hereinafter mentioned, Defendant HITS-ON-THE-HUDSON maintained the Subject Premises.

19.     That at all times hereinafter mentioned, Defendant HITS-ON-THE-HUDSON had a duty to maintain the Subject Premises in a safe condition for the general public.

20.     That at all times hereinafter mentioned, Defendant HITS-ON-THE-HUDSON permitted the general public to bring vehicles onto the Subject Premises.

21.     That at all times hereinafter mentioned, Defendant SALT POINT ENTERPRISES, INC. was the owner of a Polaris Ranger XP serial number #4XARVA875H8030082 (hereinafter referred to as "the subject vehicle").

22.     That at all times hereinafter mentioned, Defendant SALT POINT ENTERPRISES, INC. was the lessee of the subject vehicle.

23.     That at all times hereinafter mentioned, Defendant MICHAEL MCCAFFERY was the president of Defendant SALT POINT ENTERPRISES, INC.

24.     That at all times hereinafter mentioned, Defendant MICHAEL MCCAFFERY was a shareholder of Defendant SALT POINT ENTERPRISES, INC.

25.     That at all times hereinafter mentioned, Defendant MICHAEL MCCAFFERY was the owner of the subject vehicle.

26.     That at all times hereinafter mentioned, Defendant MICHAEL MCCAFFERY was the lessee of the subject vehicle.

27.     That at all times hereinafter mentioned, Defendant MICHAEL MCCAFFERY maintained the subject vehicle.

28.     That at all times hereinafter mentioned, Defendant SALT POINT ENTERPRISES, INC. maintained the subject vehicle.

29.     That at all times hereinafter mentioned, the minor O.M. was the daughter of Defendant MICHAEL MCCAFFERY.

30.     That at all times hereinafter mentioned, the minor O.M. was a registered participant in the equestrian show/series held by Defendant HITS-ON-THE-HUDSON at the Subject Premises.

31.     That at all times hereinafter mentioned, the infant Plaintiff C.F. was a registered participant in the equestrian show/series held by Defendant HITS-ON-THE-HUDSON at the Subject Premises.

32.     That at all times hereinafter mentioned, Defendant HITS-ON-THE-HUDSON permitted the subject vehicle to be brought onto the subject premises.

33.     That at all times hereinafter mentioned, Defendant HITS-ON-THE-HUDSON permitted the subject vehicle to be driven on the subject premises.

34.     That at all times hereinafter mentioned, Defendant HITS-ON-THE-HUDSON permitted the subject vehicle to be driven by the minor O.M. on the subject premises.

35.     That prior to August 4, 2021, the minor O.M. struck an infant while operating a dirt bike on the subject premises.

36.     That prior to August 4, 2021, Defendant HITS-ON-THE-HUDSON was on notice of an incident involving the minor O.M. striking an infant while operating a dirt bike on the subject premises.

37.     That on August 4, 2021 at approximately 10:45 a.m., the infant Plaintiff C.F. was lawfully on the Subject Premises.

38.     That on August 4, 2021 at approximately 10:45 a.m., the minor O.M. was operating the subject vehicle on the subject premises.

39.     That on August 4, 2021 at approximately 10:45 a.m., the minor O.M. was operating the subject vehicle with the permission and consent of defendant SALT POINT ENTERPRISES, INC.

40.     That on August 4, 2021 at approximately 10:45 a.m., the minor O.M. was operating the subject vehicle with the permission and consent of defendant MICHAEL MCCAFFERY.

41.     That on August 4, 2021 at approximately 10:45 a.m., the minor O.M. was operating the subject vehicle with the knowledge of defendant HITS-ON-THE-HUDSON.

42.     That on August 4, 2021 at approximately 10:45 a.m., the infant Plaintiff C.F. was a passenger within the subject vehicle.

43.     That on August 4, 2021 at approximately 10:45 a.m., while the minor O.M. was operating the subject vehicle on the subject premises, the subject vehicle was caused to rollover with the infant Plaintiff C.F. as a passenger causing significant injuries to the infant Plaintiff C.F.

44.     That as a result of the foregoing, the infant plaintiff C.F. sustained severe and permanent personal injuries.

### As and for a First Cause of Action
### (Negligence)

45.     That Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs numbered "1" to "44" with the same force and effect as though the same were set forth in full detail herein.

46.     Defendants SALT POINT ENTERPRISES, INC. and MICHAEL MCCAFERY had a duty to use due, reasonable, and ordinary care in owning, managing, maintaining, and controlling the subject vehicle.

47.     Defendants SALT POINT ENTERPRISES, INC. and MICHAEL MCCAFERY breached their duty of due, reasonable, and ordinary care to the Plaintiffs in the following respects:

      a.  That the aforementioned occurrence and the injuries resulting therefrom were the result of the carelessness, recklessness and negligence of the Defendants, their agents, servants and/or employees in the ownership, ownership, operation, management, maintenance, control and repair of the aforementioned Subject vehicle

      b.  That the aforementioned occurrence and the injuries resulting therefrom were the result of negligently entrusting and permitting the minor O.M. to operate the subject vehicle.

    c.  That the aforementioned occurrence and the injuries resulting therefrom were the result of negligently supervising the minor O.M.

    d.  That Defendants knew or should have known that operating the subject vehicle on the subject premises would pose a significant risk of harm to others.

48.    Defendant HITS-ON-THE-HUDSON had a duty to use due, reasonable, and ordinary care in owning, operating, managing, maintaining, and controlling the subject premises.

49.    Defendant HITS-ON-THE-HUDSON breached their duty of due, reasonable, and ordinary care to the Plaintiffs in the following respects:

    a.  That the aforementioned occurrence and the injuries resulting therefrom were the result of the carelessness, recklessness and negligence of the Defendant, their agents, servants and/or employees in the ownership, operation, management, maintenance, and control of the Subject Premises;

    b.  That the aforementioned occurrence and the injuries resulting therefrom were the result of permitting the subject vehicle on the subject premises without the proper security and safety measures;

    c.  That the aforementioned occurrence and the injuries resulting therefrom were the result of permitting the minor O.M. to operate the subject vehicle on the subject premises without the proper security and safety measures;

    d.  That Defendant knew or should have known that operating the subject vehicle on the subject premises would pose a significant risk of harm to others.

50.      That as a result of the foregoing, the infant Plaintiff C.F. sustained severe and permanent personal injuries.

51.      That the aforesaid occurrence and resulting injuries therefrom were caused as the result of the negligence of the Defendants without any negligence on the part of Plaintiffs contributing thereto.

52.      As a result of the infant Plaintiff's injuries, the Plaintiffs have been caused to incur, and will continue to incur, expenses for medical care and attention.

53.      As a result of his or her injuries, the infant Plaintiff C.F. was, and will continue to be, rendered unable to perform her normal activities and duties.

54.      That Plaintiffs have been damaged by Defendants in a sum to be proven at trial that exceeds the jurisdictional limit ($75,000.00) of this Court.

### As and for a Second Cause of Action
### (Negligent Supervision)

55.      Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 54 herein.

56.      Defendant MICHAEL MCCAFERY was the parent and natural guardian of the minor O.M. on the date of incident.

57.      Defendant MICHAEL MCCAFERY had a duty to use supervise the minor O.M. on the date of incident.

58.     Defendant MICHAEL MCCAFERY breached his duty of due, reasonable, and ordinary care to the Plaintiffs in the following respects:

    a.  That the aforementioned occurrence and the injuries resulting therefrom were the result of the carelessness, recklessness and negligence of the Defendant, their agents, servants and/or employees in negligently supervising the minor O.M.

    b.  That Defendant failed to properly refrain the minor O.M. from participating in the activity of operating the subject vehicle when Defendant knew or should have known that such activity would pose a risk of harm to others.

### As and for a Third Cause of Action
### (Negligent Entrustment)

59.     Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 58 herein.

60.     Defendant MICHAEL MCCAFERY was the owner of the subject vehicle on the date of the date of incident.

61.     Defendant SALT POINT ENTERPRISES, INC. was the owner of the subject vehicle on the date of the date of incident.

62.     Defendants MICHAEL MCCAFERY and/or SALT POINT ENTERPRISES, INC. had a duty to ensure that the subject vehicle was being used and operated in a reasonable manner by someone of suitable age and experience.

63.     Defendants MICHAEL MCCAFERY and/or SALT POINT ENTERPRISES, INC. breached their duty of due, reasonable, and ordinary care to the Plaintiffs in the following respects:

a.  That the aforementioned occurrence and the injuries resulting therefrom were the result of negligently entrusting and permitting the minor O.M. to operate the subject vehicle.

b.  That Defendants permitted the minor O.M. to operate the subject vehicle when they knew or should have known that the minor O.M. was not capable of operating the subject vehicle in a reasonable manner.

c.  That Defendants permitted the minor O.M. to operate the subject vehicle when they knew or should have known that such operation would pose a risk of harm to others.

d.  That Defendants knew or should have known the minor O.M.'s limitations and capabilities in operating the subject vehicle on the date of incident.

**As and For a Fourth Cause of Action**
**(Loss of Services)**

64.     Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 63 herein.

65.     That at all times herein mentioned, Plaintiff LAINIE FORAN was the parent of the infant-plaintiff C.F. and as such was entitled to the society and services of her daughter, C.F.

66.     That by reason of the injuries to her daughter as set forth herein, Plaintiff LAINIE FORAN suffered loss of her services; has incurred expenses, has suffered emotional trauma, mental suffering, and anguish by reason of the severe injuries to their daughter; she has been deprived of her aid in maintaining and supporting the household; she has lost her society and has been deprived of her normal companionship, affection, love and services, and of her aid and cooperation in maintaining a normal home life, all to her damage in sums which exceed the jurisdictional limit of all lower courts which would otherwise have jurisdiction.

67.     That Plaintiffs have been damaged by Defendants in a sum to be proven at trial that exceeds the jurisdictional limit ($75,000.00) of this Court.

**Wherefore**, Plaintiff demands judgment against the Defendants herein in an amount of her damages to be proven at trial, all of which are in excess of the minimum jurisdictional requirements of this Court, such other and further relief as this Court may deem just and proper, together with his attorneys fees, and the costs and disbursements of this action.

Dated: New York, New York
   December 7, 2021

         Yours, etc.,

         GREENBERG LAW P.C.

         By: Robert J. Menna
         370 Lexington Avenue, Ste. 1100
         New York, New York 10017
         Tel: (212) 972-5656
         Fax: (212) 697-3551
         Email: rob@greenberglawpc.com